UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHANDA D. LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL CALIFORNIA WOMEN'S FACILITY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-01616-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIM AGAINST DEFENDANT JACOBSEN FOR EXCESSIVE FORCE, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

**I.	INTRODUCTION**

Ashanda D. Lee ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On November 26, 2018, Plaintiff commenced this action by filing a Complaint against Central California Women's Facility ("CCWF"), J. Espinoza, Warden of CCWF, and J. Jacobsen, a correctional officer at CCWF (collectively, "Defendants"). (ECF No. 1).

The Complaint is now before the Court for screening. For the reasons described below,

the Court will recommend that this case proceed on Plaintiff's claim of excessive force against Defendant J. Jacobsen, and that all other claims and defendants be dismissed.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court may also screen a complaint brought *in forma pauperis* under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally

construed after *Iqbal*).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

The events giving rise to this action occurred at the Central California Women's Facility. Plaintiff alleges that she was placed in protective custody and housed in building 504 of the administrative segregation unit of CCWF. Unbeknownst to Plaintiff, she was assigned to a cell with a known "cellmate batterer."

On July 8, 2018, at 10:20 p.m., Plaintiff's cellmate brutally attacked Plaintiff. Plaintiff's cellmate stabbed Plaintiff repeatedly all over her body, including her face and eyes. The attack lasted over 90 minutes. Plaintiff did not fight back, and remained crouched in a fetal position while crying for help.

During the attack, Defendant Jacobsen made three safety checks. During the first safety check, Plaintiff screamed for help, begging for Defendant Jacobsen to remove Plaintiff from the cell. Plaintiff yelled, "press the alarm" and "she stabbed me in the face." Defendant Jacobsen returned for a second safety check and intentionally ignored Plaintiff's complaints that she had been beaten and stabbed. Defendant Jacobsen knew that Plaintiff's cellmate was a known batterer, but recklessly disregarded the substantial risk of bodily harm as well as Plaintiff's screams for help.

Plaintiff suffered blunt face trauma, multiple stab wounds, memory loss, vision loss, pain, and emotional and psychological trauma.

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983 Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant

holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"A municipality may be held liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting *Monell*, 436 U.S. at 694). To establish municipal liability under § 1983, a plaintiff must show that (1) she was deprived of a constitutional right; (2) the County had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Id.*

"In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). To establish municipal liability for inaction amounting to deliberate indifference, a plaintiff must shoe that defendant "was on actual or constructive notice that its omission would

likely result in a constitutional violation"; only then does the omission reflect a deliberate or conscious choice to violate the constitution." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012); *see also Gibson v. County of Washoe*, Nevada, 290 F.3d 1175, 1194 (9th Cir. 2002). "[W]hen the need to remedy the omission 'is so obvious, and the inadequacy so likely to result in the violation of constitutional rights,'" the municipality can be said to be deliberately indifferent for the policy omission. *Gibson*, 290 F.3d at 1195 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). With respect to the causation requirement, "[t]he plaintiff must also demonstrate that, through its deliberate conduct, the [entity] was the 'moving force' behind the injury alleged," *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997), such that the plaintiff must show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an appropriate policy." *Tsao*, 698 F.3d at 1143 (internal quotation omitted).

Plaintiff fails to state a cognizable § 1983 claim against Defendants CCWF and J. Espinoza. Plaintiff's only allegations concern the actions of Defendant Jacobsen, an employee of CCWF. Plaintiff does not allege that Defendant Espinoza performed any affirmative act or omitted to perform any legally required act that deprived Plaintiff of her constitutional rights. Defendant Espinoza holds a supervisory role as the Warden of CCWF, and is not liable under § 1983 for the actions of her employees on a theory of *respondeat superior*.

Similarly, Defendant CCWF cannot be liable for the actions of its employees on a theory of *respondeat superior*. Plaintiff must allege facts establishing that CCWF deprived her of a constitutional right by executing a policy or custom that amounted to deliberate indifference to her constitutional right and that was the moving force behind the constitutional violation. Plaintiff does not allege that Defendant Jacobsen's conduct was the result of Defendant CCWF's official policy or custom. Thus, the Court finds that Plaintiff has failed to state a cognizable § 1983 claim against Defendants CCWF and J. Espinoza.

### B. Failure to Protect Claim

To state a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Plaintiff alleges that Defendant Jacobsen knew that Plaintiff's cellmate was a "known cellmate batterer," but failed to intervene to stop the brutal attack on Plaintiff, despite her cries for help. The Court finds that these allegations are sufficient to state a cognizable claim of failure to protect in violation of the Eighth Amendment against Defendant Jacobsen.

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the Complaint and finds that it states a cognizable claim of failure to protect in violation of the Eighth Amendment against Defendant J. Jacobsen. The Court also finds that the Complaint fails to state any other cognizable claims. The Court does not recommend granting leave to amend as the Complaint contains a detailed description of the relevant incident, and it appears that amendment would be futile.

Accordingly, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claim against Defendant Jacobsen for failure to protect in violation of the Eighth Amendment; and
2. All other claims and defendants, including Defendants J. Espinoza and Central California Women's Facility, be dismissed.

These findings and recommendations are submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 14, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE